UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEPAK SAHOTA,<br><br>    Plaintiff,<br><br>    v.<br><br>NATHAN ALLEN, et al.,<br><br>    Defendants. | Case No. 20-cv-03180-WHO<br><br>**ORDER ON EMERGENCY PETITION** |

In his Emergency Petition for Writ of Habeas Corpus ("Petition"), Petitioner Deepak Sahota alleges two claims challenging the constitutionality of his detention under the Fifth Amendment: (i) violation of his procedural due process rights, arguing that his detention at the Mesa Verde Detention Center ("Mesa Verde"), U.S. Immigration and Customs Enforcement ("ICE") Department of Homeland Security ("DHS") Processing Facility is unreasonably prolonged; and (ii) violation of his substantive due process rights based on his detention at Mesa Verde during the COVID-19 pandemic.

Sahota's claim for habeas relief in light of COVID-19 is DENIED without prejudice. He sought similar relief in *Zepeda Rivas v. Jennings*, 20-CV-02731-VC, a class action pending in this District before Judge Chhabria, who denied it without prejudice, and he should seek reconsideration of that order if he questions that decision. Sahota has been in ICE detention since October 2017, and last had a bond hearing in June 2018. His claim for habeas relief in light of his unduly prolonged detention is GRANTED. Sahota must either be given a bond hearing with appropriate procedural protections within 30 days of the date of this Order or else be released.

## BACKGROUND

Sahota is 31-year-old man from India. Petition, Ex. A (Decl. of Deepak Sahota) ¶ 2. He immigrated to the United States with his parents when he was around 19 years old and became a

lawful permanent resident on February 23, 2007.  Pet., Ex. B.  He has experienced auditory and visual hallucinations for years, but was only recently diagnosed with schizoaffective disorder, depressive type.  Pet., Ex. E at 6; Ex. F at 9.  In addition, he has low intellectual and cognitive functioning and is limited in his ability to understand and navigate the world.  Pet., Ex. E at 6-8; Ex. F at 9; Ex. G at 9.

On October 3, 2017, DHS initiated removal proceedings against Sahota, charging him as removable based on a 2015 domestic violence conviction for which he was sentenced to three years in prison.  Pet., Ex. B at 3; Ex. C (Notice to Appear) at 3.[1]  Sahota was taken into custody by ICE in October 2017 under the mandatory custody provision 8 U.S.C. § 1226(c) due to his conviction for an aggravated felony, a crime of violence under Section 101(a)(43)(F) of the Immigration and Nationality Act ("Act" or "INA").  Muro Decl. ¶ 18.  Sahota has been in DHS custody since.

Sahota sought protection in this country under the Convention Against Torture (CAT) as a result of his schizoaffective disorder and his limited cognitive functioning diagnoses, which leave him vulnerable to torture if he were removed to India.  Petition ¶ 2.  On October 4, 2018, the IJ determined that Sahota warrants protection from removal under the CAT, concluding that Sahota met his burden that he is likely to suffer torture in India.  Pet., Ex. G.

DHS appealed.  The Board of Immigration Appeals (BIA or Board) sustained the appeal and ordered Sahota removed to India.  Pet., Ex. H (Apr. 1, 2019 BIA Decision); Muro Decl. ¶¶ 14-15.  Sahota filed a Petition for Review with the Ninth Circuit on April 8, 2019.  The case was set for oral argument on May 7, 2020, but on April 27, 2020, the case was remanded to the Board by stipulation of the parties in light of the Ninth Circuit's decision in *Guerra v. Barr*, 951 F.3d 1128

---

[1] The government argues that Sahota had at least one prior conviction, on August 18, 2014, for making criminal threats, in violation of California Penal Code ("Cal. Penal Code") § 422 and was sentenced to thirty-six months of probation.  *See* Declaration of Deportation Officer Rachel Muro [Dkt. No. 17-1] ¶ 19.  The government also notes that Sahota had a history of violating terms of probation for his convictions and that his most recent conviction was in November 2016 for domestic violence charges.  Muro Decl. ¶¶ 22-24.  Sahota contends that his prior convictions and probation offenses were the results of self-medicating his undiagnosed and untreated mental illness and his "toxic" relationship with his now-estranged wife.  Pet., Ex. A ¶¶ 7, 9-10; Ex. D at 1-2; Ex. F. at 4-5.

(9th Cir. 2020) (emphasizing the BIA's obligation to review an IJ's factual findings under the highly deferential clear-error standard of review). Order, *Sahota v. Barr*, No. 19-70837 (9th Cir. Apr. 27, 2020), ECF No. 49.[2]

The timing of the Board review of the remanded matter is uncertain. Sahota contends it will be "protracted" as a new briefing schedule needs to be set, which will likely be delayed due to COVID-19, and any eventual resolution may require further proceedings, either before an IJ on remand or again before the Ninth Circuit. Pet. ¶ 24.

Sahota had a bond hearing on June 6, 2018; the IJ denied bond, finding him to be a danger. Pet., Ex. I ¶ 6. The government asserts that Sahota did not appeal the denial of bond determination. Muro Decl. ¶ 30.[3] On March 27, 2020 and again on April 23, 2020, in light of the evolving COVID-19 pandemic, Sahota requested his release from ICE in light of his disabilities and the COVID-19 pandemic. *Id*. ¶ 7. Those requests were denied. Muro Decl. ¶¶ 31-32.

On April 23, 2020, Sahota filed a motion for a custody redetermination hearing with the immigration court under *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008). *Id*. ¶ 11. That motion was denied on May 5, 2020. *Id*. ¶ 12. The IJ denied the motion, finding that Sahota was not entitled to a *Casas* custody determination hearing because he was under mandatory detention pursuant to 8 U.S.C. § 1226(c) and that the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018) held that Section 1226(c) "'mandates detention 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings*, 138 S. Ct. at 846 (citation omitted). Muro Decl. ¶ 33. Sahota did not appeal that denial. *Id*.

Sahota is currently detained in the Mesa Verde ICE Processing Facility (Mesa Verde). Sahota claims that he is especially vulnerable to COVID-19 because his severe mental illness and limited cognitive abilities place him at a greater risk of contracting COVID-19 than the general

---

[2] The government states that at the time of remand, the Ninth Circuit denied as moot Sahota's request for a stay of deportation and release from custody in light of the remand. Declaration of Gioconda Molinari, ¶ 4.

[3] The government also contends that the delay of the custody hearing from October 2017 through June 2018 was due to continuances requested by Sahota and the need for appointment of counsel due to his level of mental competency. Muro Decl. ¶¶ 9-11.

detained population. If he contracts COVID-19, Sahota's history of smoking and mental illness could put him at an increased risk of suffering severe illnesses as a result of the virus. Pet. ¶ 5.

## DISCUSSION

### I. UNCONSTITUTIONAL DETENTION IN LIGHT OF COVID-19

Sahota argues under substantive due process rights protected by the Fifth Amendment that his continued detention is unconstitutional in light of his heightened risks of catching and suffering significant illness during the COVID-19 pandemic. The issue of whether detainees at Mesa Verde (and another detention facility) should be released in light of their particular susceptibility or risk from COVID-19 is broadly under consideration by the Hon. Vince Chhabria in *Zepeda Rivas v. Jennings*, 20-CV-02731-VC, 2020 WL 2059848 (N.D. Cal. Apr. 29, 2020). In that case, plaintiffs brought a habeas class action challenging the conditions of their confinement, contending that they are at serious risk of becoming infected with COVID-19 because ICE has refused to alter conditions at the facilities to enable people to keep their distance from one another. The plaintiffs filed a motion to provisionally certify a class of all detainees at the facilities, along with a motion for a temporary restraining order requiring ICE to take measures that will enable social distancing.

On April 29, 2020, Judge Chhabria ordered ICE "to provide information to class counsel and to the Court to facilitate consideration of applications by detainees to be released on bail while this case is pending." *Id*. *1. Thereafter, in roughly 14 days, "after individual bail applications have been processed, the Court will hold a preliminary injunction hearing to determine what measures, if any, ICE must take to ensure social distancing and other protections for the people who remain detained at the facilities." *Id*.

Sahota is a member of the provisional class. On May 24, 2020, he submitted a bail application for consideration. *Zepeda Rivas*, ECF 244-3. In light of this, the government argues that I should stay consideration of Sahota's argument for release in light of COVID-19 until after the bail application is determined to avoid a duplication of judicial resource. Numerous decisions from this District support that argument. *See, e.g.*, *Hilario Pankim v. Barr*, 20-CV-02941-JSC, 2020 WL 2542022, at *11 (N.D. Cal. May 19, 2020) ("The potential relief available to Mr. Hilario

4

in *Zepeda Rivas*—immediate release due to the COVID-19 pandemic, the conditions of confinement at the Yuba County, and his medical vulnerabilities—is the same substantive relief sought in this action and is based on the same underlying facts. Accordingly, a stay pending adjudication of *Zepeda Rivas* is warranted."); *Duong v. Jennings*, 20-CV-02864-RMI, 2020 WL 2524252, at *2 (N.D. Cal. May 18, 2020) (staying habeas petition "pending further action relating to these Petitioners in the *Zepeda Rivas* case"); *Salgado v. Barr*, 20-cv—2319-EMC, Dkt. No. 29 (May 18, 2020) (staying substantive due process claim based on COVID-19 until bail application in *Zepeda Rivas* resolved).

In his Traverse, Sahota argues that a stay is not warranted because his bail application in the *Zepeda Rivas* case was denied without prejudice on May 28, 2020. *See* Bail Order No. 20, *Zepeda Rivas v. Jennings*, No. 20-cv-2731-VC (N.D. Cal. May 28, 2020), ECF No. 271. He contends that I should follow the pre-*Zepeda Rivas* opinions from this District that ordered detainees released in light of their significant risks from COVID-19. *See, e.g.*, *Singh v. Barr*, 20-CV-02346-VKD, 2020 WL 2512410, at *6 (N.D. Cal. May 15, 2020) (*Singh II*) (extending temporary restraining order requiring release (issued before *Zepeda-Rivas* order) into a preliminary injunction requiring release); *Ortuno v. Jennings*, 20-CV-02064-MMC, 2020 WL 2218965, at *2 (N.D. Cal. May 7, 2020) (same).

However, the factual arguments underlying the bail determinations by Judge Chhabria in *Zepeda Rivas* – determining which detainees should be released in light of their underling mental and physical health conditions – are the same as presented by Sahota here. While Sahota argues that the standard for determining release on bail in *Zepeda Rivas* (requiring a showing of "extraordinary" circumstances to justify TRO-type relief) is slightly different than the standard for habeas relief (are the risks from continued detention excessive compared to needs of the government to continue detention), what Sahota is seeking a second chance to argue that release is warranted in light of his underlying physical and mental health conditions.

The Hon. Jacqueline S. Corley in this District addressed a similar set of circumstances in *Montoya Echeverria v. Barr*, 20-CV-02917-JSC, 2020 WL 2759731, at *5 (N.D. Cal. May 27, 2020). There, Judge Corley declined "to consider Petitioner's substantive due process claim

5

based on his alleged risk of exposure to COVID-19" because the petitioner's motion for release based on his risk of exposure, filed in *Zepeda Rivas*, was denied without prejudice. In that posture, as here, the petitioner's separate pursuit of a habeas claims based on the same essential facts was akin to "judge shopping"; the petitioner's recourse was to seek clarification or reconsideration from Judge Chhabria. *Id*. at *5 ("Petitioner's recourse is to file a motion for reconsideration in *Zepeda Rivas*—not to file a new motion for release before a different judge. . . Petitioner elected to file a motion for release as a class member in *Zepeda Rivas*—he cannot now seek the same relief before a different judge because he does not like the outcome of his application for release there.").

That same is true here. I will not separately consider (and give Sahota a second chance before a different judge) the substantive due process habeas claim based on the COVID-19 pandemic and the threat that pandemic might present to Sahota if he is exposed at Mesa Verde. His claim on that ground is DENIED without prejudice.

## II. UNCONSTITUTIONAL PROLONGED DETENTION

Sahota also argues that his detention by DHS for two and a half years is unduly prolonged in violation of his procedural due process rights under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Sahota argues that he should be released pending the final decision to remove him or, in the alternative, that he should be provided a new bond hearing with procedurally compliant protections.

The government opposes any relief. It argues that I lack jurisdiction to hear this claim because Sahota did not exhaust his other avenues of potential relief. He did not appeal the decision to deny bond in 2018 and review of his final order of removal is currently pending before the Board following the stipulated remand by the Ninth Circuit. The government also argues that because there is no "final" order or removal (as it is under consideration again by the Board) and he was criminally convicted of an aggravated felony, his detention is mandatory under 8 U.S.C. § 1226(c) and there is no "statutory authority" for a new bond hearing.

The government's exhaustion argument fails. The failure to appeal the bond determination in 2018, and the fact that the substance of his request under the CAT is back with the Board, do

not preclude this Court's jurisdiction over Sahota's habeas petition. The "exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). As recently explained in *Hilario Pankim v. Barr*, 20-CV-02941-JSC, 2020 WL 2542022 (N.D. Cal. May 19, 2020):

> "[C]ourts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks and citation omitted). However, "even if the three *Puga* factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if administrative remedies are inadequate or not efficacious, pursuit of the administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (internal quotation marks and citation omitted).

*Id.* at *6.

Considering those factors, Judge Corley concluded:

> [T]hat in the unique circumstances of this case at this particular time, Mr. Hilario's mental health condition warrants a waiver of the exhaustion requirement. Since being detained Mr. Hilario has sought mental health treatment at the Yuba County Jail and been diagnosed with PTSD stemming from his alleged sexual assault and continued detention. Such "significant psychological effects from his detention" demonstrate a likelihood of irreparable harm sufficient to excuse prudential exhaustion. *See De Paz Sales v. Barr*, No. 19-cv-07221-KAW, 2020 WL 353465, at *4 (N.D. Cal. Jan. 21, 2020).

*Id.* at *7; *see also Birru v. Barr*, 20-CV-01285-LHK, 2020 WL 1899408, at *3 (N.D. Cal. Apr. 16, 2020) ("prudential exhaustion is not required because the three *Puga* factors do not weigh in favor of a prudential exhaustion requirement" before considering a prolonged detention without bond hearing habeas petition). Sahota has also shown that the unique circumstances of his case –his recently diagnosed and now treated mental health issues, the added risks his mental and physical conditions may present in light of COVID-19, his detention for over two and a half years, his last bond hearing being almost two years ago, and the stipulated remand to the BIA – support a waiver of the exhaustion requirement. *See also Montoya Echeverria v. Barr*, 20-CV-02917-JSC, 2020 WL 2759731, at *6 (N.D. Cal. May 27, 2020) ("this Court follows the vast majority of other cases

7

which have 'waived exhaustion based on irreparable injury when an individual has been detained for months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal.'" (quoting *Rodriguez Diaz v. Barr*, No. 4:20-CV-01806-YGR, 2020 WL 1984301, at *5 (N.D. Cal. Apr. 27, 2020) (collecting cases)).

      The government and Sahota agree that he is currently detained under 8 U.S.C. § 1226(c), given his conviction for an aggravated felony and that his appeal was remanded by the Ninth Circuit to the Board pursuant to the parties' stipulation. The significance of that posture is, however, disputed. The government contends that because Section 1226(c) requires mandatory detention, there is no procedure by which a bond redetermination hearing could be held. Sahota argues that through habeas he has preserved the right to argue his entitlement to a new bond hearing under the standard procedural due process test laid out in *Matthews v. Eldridge*, 424 U.S. 319 (1976).[4]

      I agree with Sahota that given the length of time of his detention, particularly that it has been almost two years since his last bond hearing, the question is whether his detention has become unduly prolonged and whether he should be released or provided a new procedurally compliant bond hearing under *Matthews v. Eldridge*.[5] *See Doe v. Barr*, No. 20-cv-02141-LB, 2020 WL 1820667, at *10 (N.D. Cal. Apr. 12, 2020) (recognizing in a Section 1226(c) case, that "when confinement continues past a year, courts are wary of continued custody absent a bond hearing" and recognizing that even under 1226(c) "[c]ourts apply the three-factor balancing test in

---

[4] The IJ concluded and the government argues here that Sahota is not entitled to bond hearing under *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008), because the application of *Casas* to detainees like Sahota was overruled by the Supreme Court's opinion in *Jennings v. Rodriguez*, ⸺ U.S. ⸺, 138 S. Ct. 830 (2018). That argument has been rejected by recent decisions in this District. *See, e.g., Avilez v. Barr*, No. 19-cv-08296-CRB, 2020 WL 1704456, at *3 (N.D. Cal. April 8, 2020); *Martinez Franco v. Jennings*, 20-CV-02474-CRB, 2020 WL 1976423, at *4 (N.D. Cal. Apr. 24, 2020); *Singh v. Barr*, 20-CV-02346-VKD, 2020 WL 1929366, at *7 (N.D. Cal. Apr. 20, 2020); *Birru v. Barr*, 20-CV-01285-LHK, 2020 WL 1899408, at *8 (N.D. Cal. Apr. 16, 2020).

[5] "The three-part test articulated in Mathews requires considering (1) the private interest affected, (2) the government's interest, and (3) the value added by alternative procedural safeguards to what has already been provided in the particular situation before the court." *Soto v. Sessions*, 18-CV-02891-EMC, 2018 WL 3619727, at *3 (N.D. Cal. July 30, 2018); *see also Mathews*, 424 U.S. at 334 (stating that "[d]ue process is flexible and calls for such procedural protections as the particular situation demands").

*Mathews v. Eldridge*, 424 U.S. 319 (1976), to evaluate the constitutionality of the detention"); *Jimenez v. Wolf*, No. 19-cv-07996-NC, 2020 WL 510347, at *2-3 (N.D. Cal. Jan. 30, 2020) (where Section 1226(c) detainee had not had a bond hearing in 12 months, and applying *Mathews v. Eldridge* factors, bond hearing ordered to be held within 30 days); *see also Gonzalez v. Bonnar*, No. 3:18-cv-05321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 26, 2019) (collecting cases). Balancing the *Matthews v Eldridge* factors – and considering that Sahota's last bond hearing was over a year and a half ago, that Sahota has significant evidence of changed circumstances regarding his potential danger, and given his probable chances of success at the Board on remand (considering that he prevailed on his CAT petition at the IJ level) – I conclude that Sahota is entitled as a matter of procedural due process to another bond hearing with the required procedural protections.

I will not grant the extraordinary remedy of release. No district court in the Ninth Circuit has ordered release in similar circumstances due solely to prolonged detention; instead, a bond hearing within a short period of time is normally required. *See, e.g.*, *Birru v. Barr*, 20-CV-01285-LHK, 2020 WL 1905581, at *8 (N.D. Cal. Apr. 17, 2020) (requiring a bond hearing to be held within 30 days); *Martinez Franco v. Jennings*, 20-CV-02474-CRB, 2020 WL 1976423, at *4 (N.D. Cal. Apr. 24, 2020) (required bond hearing within 15 days of Order); *but see Salgado v. Bar*, 20-cv-02319-EMC (May 18, 2020) (denying relief to a petitioner who was detained under a different statutory provision and sought a third bond hearing, because "[although the two *Mathews* factors [] weigh largely in favor of Mr. Soto, the third factor – the value of additional safeguards – does not, at least not at this juncture in proceedings and not based on the record before the Court. More specifically, is not clear what value there would be to a third bond hearing based on the record presented. Mr. Salgado has not pointed to any changed circumstances concerning his flight risk since his last bond hearing in December 2018. There is nothing to indicate, *e.g.*, that he is no longer a flight risk.").

This case aligns with the facts and conclusions in *Rodriguez Diaz v. Barr*, 4:20-CV-01806-YGR, 2020 WL 1984301 (N.D. Cal. Apr. 27, 2020). There, the Hon. Yvonne Gonzalez Rogers declined to "define a specific length of time that would constitute a prolonged detention requiring

9

an individualized bond determination," but recognized that 12 months since the last bond determination was too long, consistent with numerous other decisions. *Rodriguez Diaz v. Barr*, 4:20-CV-01806-YGR, 2020 WL 1984301, at *7 n.2. She further explained that:

> Rodriguez Diaz's detention has been prolonged, with strong private interests that outweigh the government's interests. 'He is therefore entitled to a bond hearing at which 'the government must prove by clear and convincing evidence that [he] is a flight risk or a danger to the community to justify denial of bond.'

However, the court concluded:

> Rodriguez Diaz has not met his burden in demonstrating that, as a matter of law, he is neither a flight risk or a danger to the community to warrant the extraordinary remedy – either through the petition or the temporary restraining order – of his immediate release from ICE custody.

*Id.* at *8-9.  A similar result is warranted here, given the length of time since Sahota's last bond determination, the denial of Sahota's bail application (without prejudice) in the *Zepeda Rivas* case, and the evidence of changed circumstances as to Sahota's purported dangerousness to the community.

## CONCLUSION

Sahota's Petition is GRANTED to this extent: the government is ORDERED to provide Sahota a bond hearing with the required procedural protections within 30 days of this Order or release him if it fails to hold the bond hearing.  Sahota's claim for habeas relief in light of COVID-19 is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: June 4, 2020

William H. Orrick
United States District Judge