UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEPAK SAHOTA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATHAN ALLEN, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-03180-WHO<br><br>**ORDER DENYING MOTION TO ENFORCE**<br><br>Re: Dkt. No. 28 |

On June 4, 2020, I granted in part petitioner Deepak Sahota's Emergency Petition for Writ of Habeas Corpus ("Petition"). Dkt. No. 22. In that Order, I denied without prejudice his Petition for habeas relief in light of COVID-19, but I granted his claim for habeas relief in light of his unduly prolonged detention. I ordered that Sahota be given a bond hearing with appropriate procedural protections within 30 days or else be released. *Id*.

Subsequently, a hearing was held on June 25, 2020. Dkt. No. 28-1. Sahota was represented by counsel, who argued and introduced evidence in support of his position that he should be released on bond. *Id*. On June 30, 2020, the IJ issued a decision finding that DHS had met its burden of proving Sahota is a danger to the community and denied Sahota's request for release on bond. *Id*.

Sahota now seeks an order "enforcing" my prior order that he be provided with a bond hearing "with appropriate procedural protections." Sahota argues that the June 25, 2020 hearing and June 30, 2020 IJ decision denied him due process because: (i) the IJ failed to require the government to carry the burden of proof by clear-and-convincing evidence; (ii) the IJ failed to consider alternatives to detention; and (iii) the IJ failed to account for the length of Mr. Sahota's

detention.[1]

Sahota's motion to enforce is DENIED. What Sahota seeks is not a relief for deprivation of a constitutional right, but instead relief from the IJ's discretionary assessment of the evidence and ultimate determination that Sahota should remain in custody. I do not have jurisdiction over that claim. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008).

Sahota argues that because proper procedural protections were not provided at his June 25, 2020 hearing he is stating a constitutional claim based on a denial of due process. Review of the transcript, decision, and plaintiff's counsel's own declaration shows that procedural protections were provided. Nor does Sahota identify a "legal error" committed by the IJ. Instead, the IJ held the government to its burden of proof and found continued dangerousness by clear and convincing evidence. That finding was supported by the government's evidence regarding Sahota's criminal and probation history, despite Sahota's sympathetic evidence regarding his "positive factors" of rehabilitation and family support, all of which were expressly considered by the IJ.[2] The IJ also acknowledged the length of Sahota's confinement. Sahota's real argument is that the IJ should have exercised his discretion differently. That is a determination for the BIA, not me.

**IT IS SO ORDERED.**

Dated: October 19, 2020



William H. Orrick
United States District Judge

---

[1] This matter is appropriate for resolution on the papers. Civ. L.R. 7-6. The October 21, 2020 hearing is VACATED.

[2] This is not a case where the IJ did not "consider[] all the evidence in assessing petitioner's present dangerousness" because the IJ misunderstood or mischaracterized evidence in the record or did not have all probative evidence in the record. *See Obregon v. Sessions*, 17-CV-01463-WHO, 2017 WL 1407889, at *7-8 (N.D. Cal. Apr. 20, 2017); *Ramos v. Sessions*, 293 F. Supp. 3d 1021, 1034 (N.D. Cal. 2018).